UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CAROLYN A. MALONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:25-CV-47-CEA-DCP |
| | ) |
| FRANK BISIGANO,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

This case is before the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of this Court. Now before the Court is the Plaintiff's Brief [**Doc. 16**] and the Defendant's Motion for Entry of Judgment with Remand Under Sentence Four of 42 U.S.C. § 405(g) in Response to Plaintiff's Opening Brief ("Motion to Remand") [**Doc. 22**]. Carolyn A. Malone ("Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("the ALJ"), the final decision of the Defendant Frank Bisignano, Acting Commissioner of Social Security ("the Commissioner").

For the reasons that follow, the undersigned **RECOMMENDS** that the Court **GRANT** Plaintiff's motion [**Doc. 16**], remanding the matter for further administrative proceedings, and **DENY** the Commissioner's motion to the extent it seeks to limit the scope of the remand [**Doc. 22**].

---

[1] During the pendency of this case, Frank Bisignano became the Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), Frank Bisignano substituted as the Defendant in this case.

I.      PROCEDURAL HISTORY

On December 15, 2020, Plaintiff filed for Disability Insurance Benefits, and for Supplemental Security Income under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401 *et seq.*, alleging that she has been disabled since November 27, 2020 [Tr. 14, 222–37]. After her claims were denied initially [*id.* at 95] and upon reconsideration [*id.* at 97], Plaintiff requested a hearing [*id.* at 143–44]. On October 17, 2023, Plaintiff, represented by counsel, appeared before Administrative Law Judge Suhirjahaan Morehead ("the ALJ") by telephone for a hearing [*Id.* at 14–33, 34–54]. On February 9, 2024, the ALJ found Plaintiff was not disabled [*Id.* at 14–33]. The Appeals Counsel denied Plaintiff's request for review [*id.* at 1], making the ALJ's decision the final decision of the Commissioner.

Having exhausted her administrative remedies, Plaintiff filed a Complaint with this Court on February 12, 2025, seeking judicial review of the Commissioner's final decision under 42 U.S.C. § 405(g) [Doc. 1]. As set forth in more detail below, Plaintiff alleges three errors committed by the ALJ, including that the ALJ failed to properly apply the agency's borderline age policy under 20 C.F.R. §§ 404.1563, 416.963 [Doc. 16 p.1]. Defendant concedes to remand only for the ALJ to consider whether the higher age category applies but not as to the remaining issues [Doc. 22 p. 2]. Plaintiff objects to the limited scope of the remand, arguing "that it would serve no useful purpose for the Appeals Council to correct this single issue, without addressing the errors which apply to the entire period" [Doc. 24 p. 2]. Plaintiff further asks the Court to "remand for a calculation and award of benefits," contending that the "file in this case is fully developed, and . . . no further proceedings are necessary" [*Id.* at 4]. This matter is now ripe for adjudication. *See* E.D. Tenn. L.R. 7.1(a).

## II. DISABILITY ELIGIBILITY AND ALJ FINDINGS

"Disability" means an individual cannot "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). An individual will only be considered disabled:

> [I]f h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which [s]he lives, or whether a specific job vacancy exists for h[er], or whether [s]he would be hired if [s]he applied for work.

*Id.* §§ 423(d)(2)(A), 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

1. If claimant is doing substantial gainful activity, [s]he is not disabled.

2. If claimant is not doing substantial gainful activity, h[er] impairment must be severe before [s]he can be found to be disabled.

3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and h[er] impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

4. If claimant's impairment does not prevent h[er] from doing h[er] past relevant work, [s]he is not disabled.

5. Even if claimant's impairment does prevent h[er] from doing h[er] past relevant work, if other work exists in the national economy that accommodates h[er] residual functional capacity ("RFC") and vocational factors (age, education, skills, etc.), [s]he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520).

3

A claimant's residual functional capacity ("RFC") is assessed between steps three and four and is "based on all the relevant medical and other evidence in [the claimant's] case record." 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e), 416.920(a)(4), 416.920(e). RFC is the most a claimant can do despite her limitations. *Id.* §§ 404.1545(a)(1), 416.945(a)(1).

The claimant bears the burden of proof at the first four steps. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *Id.* At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)).

Here, the ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2024.

2. The claimant has not engaged in substantial gainful activity since October November 27, 2020, the alleged onset date (20 C.F.R §§ 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: osteoarthritis and degenerative joint disease status post right total knee arthroplasty and right rotator cuff repair and obesity (20 C.F.R §§ 404.1520(c) & 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R Pt. 404, Subpart P, App. 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except stand and/or walk for up to 4 hours a day; occasionally push and/or pull with the right lower extremity; occasionally reach overhead with the right upper extremity; never climb ladders, ropes, or scaffolds or work around hazards, such as unprotected

heights or moving machinery; and all other postural activities occasionally.

6. The claimant is unable to perform any past relevant work (20 C.F.R §§ 404.1565 & 416.965).

7. The claimant was born on August 24, 1969 and was 51 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 C.F.R §§ 404.1563 & 416.963).

8. The claimant has at least a high school education (20 C.F.R §§ 404.1564 & 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (SSR 82-41; 20 C.F.R. Pt. 404, Subpart P. App. 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R §§ 404.1569, 404.1569a, 416.969, and 416.969a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from November 27, 2020, through the date of this decision (20 C.F.R. 404.1520(g) & 416.920(g)).

[Tr. 17–27 (citations cleaned up)].

## III. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining whether the ALJ's decision was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner, and whether the ALJ's findings are supported by substantial evidence. *Blakley v. Comm'r of Soc. Sec.*,

5

581 F.3d 399, 405 (6th Cir. 2009) (citation omitted); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted).

Additionally, the Supreme Court has explained that "'substantial evidence' is a 'term of art,'" and "whatever the meaning of 'substantial' in other settings, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019). Rather, substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* at 103 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In determining whether an ALJ's findings are supported by substantial evidence, the Court does not try the case de novo, weigh the evidence, or make credibility determinations nor resolve conflicts in the evidence, nor decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

6

Case 1:25-cv-00047-CEA-DCP   Document 25   Filed 02/04/26   Page 6 of 12   PageID #: 1755

In addition to considering whether the ALJ's decision is supported by substantial evidence, the Court must review whether the ALJ employed the correct legal criteria. It is grounds for reversal of a decision—even if supported by substantial evidence—where "the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2006).

On review, the plaintiff "bears the burden of proving h[er] entitlement to benefits." *Boyes v. Sec'y of Health & Hum. Servs.*, 46 F.3d 510, 512 (6th Cir. 1994). Furthermore, the Court is not under any obligation to scour the record for errors not identified by the claimant and arguments not raised and supported in more than a perfunctory manner may be deemed waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (noting that conclusory claims of error without further argument or authority may be considered waived).

## IV. ANALYSIS

Plaintiff alleges that the ALJ committed three errors : (1) the ALJ failed to properly apply the agency's borderline age policy under 20 C.F.R. §§ 404.1563, 416.963; (2) the ALJ failed to adequately consider and sufficiently explain his consideration of the opinion of the consultative physical examiner, Sushri Mishra, M.D.; and (3) the ALJ erred by failing to point to any actual inconsistencies between Plaintiff's subjective complaints of difficulty carrying a gallon of milk and residuals following knee replacement that limit standing to no more than about ten minutes and the other evidence in the record [Doc. 16 p. 1]. Specifically, with regard to the issue of borderline age, Plaintiff noted that she was "54 years, five months and five days old when the ALJ's decision was issued" and that the factors in the case weighed in favor of awarding benefits with application of the higher age category [*Id.* at 10]. Plaintiff requested that the ALJ's decision be vacated and the matter remanded for further proceedings [*Id.* at 21].

7

As noted above, in response to Plaintiff's opening brief, Defendant moved to remand on the sole issue of whether the higher age category should be applied in this case. Defendant expressed he is "amendable to meeting Plaintiff partway and granting a remand of Plaintiff's claim for further administrative proceedings" [Doc. 22 p. 2]. Defendant maintained, however, that it was unnecessary to include the remaining issues concerning Dr. Mishra's consultative examination report and evaluation of Plaintiff's subjective complaints as part of the remand [*Id.*]. Further, Defendant stated, "reversal for an award of benefits is not warranted in this case, and Plaintiff does not request such relief" [*Id*. at 4].

In her reply, Plaintiff objected to the limited scope of the remand, arguing that remanding only the issue of the higher age category would not meaningfully address the ALJ's errors [Doc. 24 p. 2]. Plaintiff further stated that while she initially "did not request an outright award with a calculation of benefits," she "now respectfully asks the Court consider this remedy" [*Id*. at 3].

Because Defendant has agreed to remand the case on the issue of whether the overall impact of all factors justify application of the higher age category as of the date of the February 29, 2024 decision, the undersigned recommends remand of this matter in its entirety with only brief comment on the remaining issues. *See, e.g.*, *Wallace v. Colvin*, 193 F. Supp. 3d. 939, 951 (N.D. Ill. 2016) ("Having found that this case must be remanded . . ., the Court will only briefly comment on the remaining issues.").

With respect to the agency's consultative physical examination performed by Dr. Mishra, Plaintiff contends that the ALJ erred in not articulating the factors of supportability and consistency in finding Dr. Mishra's medical opinion unpersuasive [Doc. 16 pp. 11–12]. She maintains that the ALJ's "conclusory assertions—suggesting that [Plaintiff's] subsequent surgeries disprove Dr. Mishra's limitations—are inadequate to satisfy the regulations" that require

8

the ALJ to explain how the factors led to finding the opinion unpersuasive [*id.* at 13]. In response, Defendant generally notes, "[t]he ALJ thoroughly discussed and evaluated Dr. Mishra's June 2021 report at length and in the context of the overall evidence[] but found it minimally persuasive because it was inconsistent with the record as a whole" [Doc. 22 pp. 2–3 (citations omitted)].

Although it appears the ALJ discounts the medical opinion of Dr. Mishra because she had evaluated Plaintiff prior to Plaintiff re-injuring her shoulder and undergoing subsequent medical procedures, this is not entirely clear, and Defendant only addresses the issue in a general and perfunctory manner. Plaintiff argues that even after she was seen by Dr. Mishra and underwent various medical procedures, Plaintiff continued to consistently have issues that were supported by the medical findings. For instance, Plaintiff argues that "[t]he notations of the less-than-successful knee and shoulder surgeries done on May 6, 2021, September 28, 2021, November 7, 2022, and February 22, 2023, do not prove that Dr. Mishra's opinions are stale or that the limitations disappeared [Doc. 16 pp. 12–13 (citation omitted)]. She states that "an adequate consistency analysis would have noted that the reports of Dr. Goewey, who did the follow-up CE in 2022, and the treatment notes from Drs. Peterson and Hare, submitted subsequent to Dr. Gowey's report, all document ongoing impairments which are currently as limiting—if not more—than the restrictions assessed by Dr. Mishra" [*Id*. at 13 (citations omitted). Defendant does not sufficiently respond to this argument [*See* Doc. 22]. This Court "may not uphold an ALJ's decision, even if there is enough evidence in the record to support it, if the decision fails to produce an accurate and logical bridge between the evidence and the result." *Pollaccia v. Comm'r of Soc. Sec.*, No. 09-cv-14438, 2011 WL 291044, at *6 (E.D. Mich. Jan. 6, 2011); *see also Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (requiring an appellate record that would "permit meaningful review" of the ALJ's application of the rules). Thus, the undersigned recommends the

9

ALJ have the opportunity on remand to develop this logical bridge.

As to Plaintiff's subjective allegations "of difficulty carrying a gallon of milk and residuals following knee replacement that limit standing to no more than about ten minutes," the ALJ found that her statements were "not entirely consistent with the medical evidence and other evidence in the record" [Doc. 16 pp. 16, 18 (quoting Tr. 19)]. Plaintiff argues that the ALJ erred because "she did not at any point sufficiently explain how or why Plaintiff's testimony about her symptoms were found to be inconsistent with the medical evidence" [*Id.* at 18]. In similar fashion, Defendant only responds that while the ALJ considered Plaintiff's testimony, the ALJ ultimately found that her "statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the overall record in this case" [Doc. 22 p. 3]. The undersigned finds that the ALJ's decision was not clear as to which statements of Plaintiff's were inconsistent with the medical evidence and other evidence in the record. Defendant has only offered a cursory defense of the ALJ's rationale for rejecting Plaintiff's testimony. Resultantly, the undersigned cannot assess the validity of the ALJ's findings and provide meaningful judicial review. Because the ALJ has again failed to produce "an accurate and logical bridge between the evidence and the result," the undersigned recommends that the appropriate remedy is a remand for further proceedings. *Pollaccia*, 2011 WL 291044, at *6.

Finally, as to the matter of an immediate award of benefits, the undersigned does not find it appropriate to recommend an outright award with a calculation of benefits given the posture of the case. Plaintiff asked for this request in her reply brief, which is not appropriate. *Windsor v. Liu*, No. 1:20-CV-01845, 2023 WL 11960617, at *3, n.4 (M.D. Pa. Feb. 8, 2023) (denying a request made in a reply brief because the party did not seek such relief in the motion or supporting brief). Even so, "[i]n cases where there is an adequate record, the Secretary's decision denying benefits

10

can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985) (citation omitted). The Sixth Circuit has cautioned, however, "that a court can reverse an ALJ's decision and immediately award benefits only if all core factual disputes have been resolved and the record adequately establishes that a claimant is entitled to benefits." *Hale v. Comm'r of Soc. Sec. Admin.*, No. 2:23-CV-91, 2024 WL 6971043, at *10 (E.D. Tenn. July 12, 2024) (citing *Faucher v. Sec'y of Health & Hum. Servs.*, 17 F.3d 171, 176 (6th Cir. 1994)).

While Plaintiff asserts that "[t]his case satisfies all of the Sixth Circuit's criteria for an outright award," arguing that "but for the ALJ's errors, a favorable decision would have been issued here" [Doc. 24 p. 4], the undersigned does not find that the factual record has been adequately developed to recommend an award with a calculation of benefits. *Cf. Krupa v. Comm'r of Soc. Sec.*, 366 F. Supp. 2d 513, 518 (E.D. Mich. 2005) (finding that where the ALJ had already found that the plaintiff was closely approaching advanced age, had a high school education, and non-transferable prior work skills, failure to find the plaintiff disabled constituted legal error and allowed the Court to remand for an award of benefits). The undersigned therefore declines to recommend an award here.

VI. CONCLUSION

Based on the foregoing, the undersigned **RECOMMENDS**[2] that the District Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide de novo review where objections [to the Report and Recommendation] are

**GRANT** Plaintiff's motion [**Doc. 16**], remanding the matter for further administrative proceedings, and **DENY** the Commissioner's motion to the extent it seeks to limit the scope of the remand [**Doc. 22**].

Respectfully submitted,

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge

---

'[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).